IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SEDRICK DEWAYNE BOHANNON                                                PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 4:12-cv-151-CWR-FKB

SOUTHERN HEALTH PARTNERS, et al.                                  DEFENDANTS

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Sedrick Dewayne Bohannon is an inmate at the Lauderdale County Detention Facility, Meridian, Mississippi. He has filed the instant civil action pursuant to 42 U.S.C. § 1983 against Southern Health Partners, Dr. Gibson, Nurse Sheila, Sheriff Billie Sollie and Major Lori Robertson.

**I. Background**

Plaintiff states that he has requested to see a doctor about his teeth. Comp. [1], p.4. According to Plaintiff each time he has made such a request, he is seen by a nurse who has informed him that his teeth would not be removed unless they have abscessed three times. *Id.* In his complaint [1], Plaintiff states that the allegations of the instant civil action "go[es] along with case 4:12-cv-116-HTW-LRA."

**II. Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." The Court has permitted Plaintiff to proceed *in forma pauperis*[1] in this action; therefore his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

"[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994-95 (5th Cir. 1993); *see also Wendt v. Rainey*, 98 Fed. App'x 303, 304 (5th Cir. Apr. 26, 2004). Because Plaintiff's allegations in this complaint appears to duplicate the claims he is presently litigating in civil action number 4:12-cv-116-HTW-LRA, this Court entered an order [11] on October 18, 2012, giving Plaintiff an opportunity to file a voluntary dismissal of the instant civil action or file a response and state the reasons this Court should not dismiss the instant civil action as duplicating the pending civil action, 4:12-cv-116-HTW-LRA, along with allegations of how each defendant violated his constitutional rights. Plaintiff filed a response [14].

In reviewing the response [14], this Court finds that Plaintiff fails to establish that the claims in the instant civil action are **not** duplicative of those presented in the pending civil action, 4:12-cv-116-HTW-LRA. Clearly, Plaintiff is entitled to "one bite at the litigation apple--but no more." *Pittman*, 980 F.2d at 995. Accordingly, this Court concludes that the instant action filed by Plaintiff is malicious because it duplicates a pending civil action. Therefore, the instant civil action will be dismissed without prejudice so that Plaintiff may pursue said claims in civil action number 4:12-cv-116-HTW-LRA, and will be dismissed with prejudice to the extent it is malicious. *See Id.*

### III. Conclusion

As discussed above, Plaintiff cannot maintain this cause of action. Consequently, this complaint will be dismissed without prejudice so that Plaintiff may pursue these claims in civil

---

[1] Plaintiff was granted permission to proceed *in forma pauperis* by order [10] entered October 18, 2012.

2

action number 4:12-cv-116-HTW-LRA, and will be dismissed with prejudice to the extent it is malicious pursuant to 28 U.S.C. Section 1915(e)(2)(B)(i).

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "Strike"[2]. If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED this the 8th day of January, 2013.

s/Carlton W. Reeves  
United States District Court Judge

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."